DECUIR, Judge.
pThe Alexandria Civil Service Commission appeals a judgment of the district court overturning its decision granting Gerard Allwell an exception to its promul *129 gated rules related to accumulated leave. For the reasons that follow, we affirm.
FACTS
Gerard Allwell worked for 29-1/2 years in the Utility Department for the City of Alexandria and, having risen to the position of Director of Utilities, he was well acquainted with the rules regarding accumulating unused leave. Consequently, when the City sent a memo notifying employees that leave could only be taken if a qualified replacement could fill in, he knew he had a problem. The Mayor had recently relieved his immediate superiors of their duties, Hurricanes Katrina and Rita had hit, and the City was in the middle of building a multimillion-dollar power plant. Having no suitable replacement, he could not take his leave and had already carried over the maximum leave allowed by Civil Service rules. He realized he was going to lose his time.
Nevertheless, after seeing the plant through to completion, Allwell requested that the City grant him his unused leave or pay him for his time. The Mayor and the City Council declined to do either, and Allwell appealed the decision to the Alexandria Civil Service Commission. The Commission voted to give Allwell an additional three weeks to use his time. The City of Alexandria appealed to the Ninth Judicial District Court. The district court reversed the Commission and Allwell and the Commission appealed to this court.
DISCUSSION
Allwell and the Commission argue that the district court erred in failing to recognize the circumstances surrounding All-well’s failure to take his leave which warranted the Commission’s ruling to allow an exception to its rules. We disagree.
1 gIt is evident from the record and the trial court’s reasons that the district court was well aware of the unfortunate factual circumstances surrounding this case. However, Rule XI, Section 1.4, of the Civil Service Rules, provides: “accumulated vacation shall not exceed his current year’s credit plus one normal year of credit carried over.” Civil Service Rules have the effect of law. La. Const, art. 10, § 10(A)(4); Bannister v. Dep’t of Streets, 95-404 (La.1/16/96), 666 So.2d 641. The trial court was aware of these factors and was constrained to apply the law as written.
A careful review of the record reveals that the Commission was also aware that there was no exception to the rule and noted the need for an amendment to the rule at a later date. Moreover, the record also reveals that Allwell was not the only City employee that lost leave during this period. The City has argued that the Rule, as written, is a financial stop gap provision to control the costs of employee leave and that reinstating the Commission’s decision undermines that purpose. While there may be merit to that argument, we need not decide the issue. It is evident that the Commission’s decision was contrary to its own rules and as such constituted legal error. Accordingly, we find no error in the trial court’s decision.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.